**Lyazid ABAKKA;  Amina Mellity, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73660.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.[*]

Filed June 27, 2011.

Lyazid Abakka, Sacramento, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioners.

Amina Mellity, Sacramento, CA, pro se.

Carol Federighi, Esquire, Senior Litigation Counsel, Oil, Jonathan Aaron Robbins, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

### MEMORANDUM **

Lyazid Abakka and Amina Mellity, natives and citizens of Morocco, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Ornelas–Chavez v. Gonzales*, 458 F.3d 1052, 1055–56 (9th Cir.2006), and we deny the petition for review.

The record does not compel the conclusion that Mellity established extraordinary circumstances excusing the untimely filing of her asylum application. *See* 8 C.F.R. § 1208.4(a); *Toj–Culpatan v. Holder*, 612 F.3d 1088, 1090–92 (9th Cir.2010). Accordingly, Mellity's asylum claim fails.

Substantial evidence supports the agency's finding that petitioners failed to demonstrate past persecution or a clear proba-

** This disposition is not appropriate for publication and is not precedent except as provid-

bility of future persecution, because they did not establish that the government was unable or unwilling to protect them from the members of the Polisario Front. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005) (the burden is on the applicant to show that the government is unable or unwilling to control a non-governmental persecutor). We reject petitioners' claim that the BIA applied an incorrect legal standard. Accordingly, petitioners' withholding of removal claims fail.

**PETITION FOR REVIEW DENIED.**